UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LISA GREEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FIRST TENNESSEE BANK NATIONAL ASSOCIATION,<br><br>　　　　　Defendant. | Case No.  5:21-cv-01868-EJD<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER AND TRANSFERRING ACTION**<br><br>Re: Dkt. No. 11 |

Plaintiff Lisa Green ("Green") has filed suit against Defendant First Tennessee Bank National Association ("Defendant") asserting claims under the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA").  Defendant now moves to dismiss Green's complaint for lack of personal jurisdiction, improper venue, insufficient process and service of process, or, in the alternative, to transfer the case to the United States District Court for the Western District of Tennessee.  ("Mot."), Dkt. No. 11.  Having considered the parties' briefs and accompanying submissions, the Court agrees that personal jurisdiction is lacking but, in lieu of dismissal, it shall transfer the case to the Western District of Tennessee.[1]

**I.     BACKGROUND**

Defendant is a financial services company that has its company headquarters in Memphis,

---

[1] The Court took this motion under submission without oral argument pursuant to Civil Local Rule 7-1(b).
Case No.: 5:21-cv-01868-EJD
ORDER GRANTING IN PART MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER AND TRANSFERRING ACTION

1

Tennessee. *See* Complaint ("Compl.") ¶ 8; *see also* Decl. of C. Gardiner Gruenewald ("Gruenewald Decl."), Dkt. No. 11-3 ¶ 6. Green began working for Defendant in 2015 and served as a branch manager at Kingston Pike West Financial Center in Knoxville, Tennessee during the entirety of her employment. Gruenewald Decl. ¶ 12. Green alleges that in June 2016, her managers began "singling [her] out for disparate treatment based on her race and age." Compl. ¶ 18. In November 2016, Green requested and was given a leave of absence as a result of existing physical ailments and "work-related" stress caused by her managers. Compl. ¶ 20. By December 8, 2016, Green's doctor allowed her to return to work but placed certain restrictions on her work capabilities. *Id.* Green, however, was soon "barred" from continuing to work by Defendant's human resources manager. *Id.* ¶ 23. On January 9, 2017, Green again returned but was soon ordered not to return to work until her doctor cleared her of all restrictions. *Id.* ¶¶ 24-25. Green alleges that she asked to be allowed to return to work but that she was instead instructed to "go obtain disability." *Id.* Thereafter, Green filed multiple disability claims from January 2017 through December 17, 2018, which were denied. *Id.* ¶ 32. Green then appealed. *Id.*

During the appeal process, Green also requested that Defendant accommodate her disabilities and allow her to return to work. *Id.* ¶ 34. Defendant refused to offer any accommodations and ultimately terminated her employment on December 30, 2018. *Id.* ¶ 35. Green then filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 3. The EEOC issued a right-to-sue-letter on December 22, 2020 and this action followed, wherein Green asserts claims for age and disability discrimination and retaliation in violation of the ADA, ADEA, and Title VII of the Civil Rights Act. *See id.* ¶¶ 4, 38-46.

Green filed her complaint against Defendant on March 17, 2021. Defendant then filed its motion to dismiss the complaint, or alternatively transfer the case. *See* Dkt. No. 11. Green filed a timely opposition to the motion to dismiss, *See* Pls.' Opp'n to Mot. to Dismiss ("Opp'n"), Dkt. No. 17, as well as evidentiary objections, Dkt. No. 17-4.[2]  Defendant filed a timely reply

---

[2] Green objects to nearly the entirety of Gardiner Gruenewald's Declaration. Green objects

1   ("Reply"), Dkt. No. 19, as well as a response to Green's evidentiary objections, Dkt. No. 19-5.[3]

**II.    REQUESTS FOR JUDICIAL NOTICE**

Defendant asks the Court to take judicial notice of certain documents submitted in connection with its motion to dismiss. *See generally* Request for Judicial Notice ("RJN"), Dkt. No. 12.

The Court may consider evidence beyond the four corners of the complaint when considering a motion to dismiss for lack of subject matter jurisdiction or for lack of personal jurisdiction. *See Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Such evidence must be admissible. *See Lavinia Aircraft Leasing, LLC v. Piper Aircraft Inc.*, No. CV-16-02849-PHX-DGC, 2017 WL 1326140, at *3 (D. Ariz. Apr. 11, 2017) (to defeat a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden to make a prima facie showing "based on admissible evidence"); *Yhudai v. Mortg. Elec. Registration Sys., Inc.*, No. CV 15-05035 MMM (JPRx), 2015 WL 5826777, at *7 n.38 (C.D. Cal. Oct. 2, 2015) ("In the Ninth Circuit, however, admissible evidence is required to carry a party's burden of showing that the district court has subject matter jurisdiction to hear an action.").

Defendant requests judicial notice of the California Secretary of State's business records showing that Defendant's corporate status with the state of California is listed as "Surrender." *See* RJN, Ex. A. Defendant further requests judicial notice of its Bank's Certificate of Surrender found on the California Secretary of State's website, as well as a printout of California

---

pursuant to Rules 601, 602, 802, and 1002 of the Federal Rules of Evidence. *See* Dkt. No. 17-4. However, pursuant to Civil Local Rule 7-3(a), "[a]ny evidentiary and procedural objections to the motion must be contained within the brief or memorandum." As Green failed to comply with the Civil Local Rules for objections, the Court disregards Green's evidentiary objections.

[3] Defendant also filed evidentiary objections to the Declarations of Plaintiff Lisa Green and her counsel Orlando F. Cabanday. *See* Dkt. Nos. 19-1, 19-3. However, pursuant to Civil Local Rule 7-3(c), "[a]ny evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum." As Defendant failed to comply with the Civil Local Rules for objections, the Court disregards Defendant's evidentiary objections.

Case No.: 5:21-cv-01868-EJD
ORDER GRANTING IN PART MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER AND TRANSFERRING ACTION
3

Corporations Code § 2114 found on the California Legislative Information website. *See id.*, Exs. B-C. The request for judicial notice is GRANTED. *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (finding it appropriate to take judicial notice of results of records searches on the California Secretary of State's corporate search website); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of information on a government-administered website whose accuracy was undisputed); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies." (citation omitted and alteration in original)).

Green also requests that the Court take judicial notice of Defendant's Agent of Service Filing found on the State of Tennessee, Division of Services' website. The Court will GRANT Green's request and take judicial notice of Defendants' Agent of Service Filing. *See Gerritsen*, 112 F. Supp. 3d at 1033.

### III. DISCUSSION

#### A. Challenge to Personal Jurisdiction under Rule 12(b)(2)

Defendant seeks dismissal pursuant to Rule 12(b)(2), (3), (4), and (5) for lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process, respectively. Dkt. No. 11. Alternatively, Defendant asks the Court to transfer this case to the Western District of Tennessee under 28 U.S.C. § 1404(a) or § 1406(a). *Id.* As explained below, the Court finds it lacks personal jurisdiction over Defendant and in the interest of justice will transfer the case to the Western District of Tennessee pursuant to § 1404(a). Accordingly, the Court does not reach Defendant's remaining arguments. *Cf. Julio v. Wells Fargo Bank*, 11-CV-00696-LHK, 2011 WL 11048327, at *2 (N.D. Cal. Jul. 21, 2011) (declining to reach defendant's personal jurisdiction argument after dismissing action for improper venue).

### 1. Rule 12(b)(2) Legal Standard

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). California's long-arm statute is coextensive with federal due process requirements. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004). "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden*, 571 U.S. at 283 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

When a defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id*. "[T]he plaintiff cannot simply rest on the bare allegations of its complaint," but the uncontroverted allegations in the complaint must be accepted as true. *Schwarzenegger*, 374 F.3d at 800 (quotation marks and citation omitted). Factual disputes created by conflicting affidavits must be resolved in the plaintiff's favor. *Id*.

### 2. General Jurisdiction

Defendant argues that it is not subject to general jurisdiction in California. Conversely, Green contends that Defendant is subject to general jurisdiction in California because it "maintained a registered agent of service in California during the relevant time period." *See* Opp'n at 6. Green does not otherwise argue that Defendant is 'at home' in California.

Where general jurisdiction is established, a court may hear any claim against that defendant—even where the suit-related events occurred outside the forum district. *Bristol-Meyers Sqibb Co. v. Superior Ct. of California*, 137 S. Ct. 1773, 1780 (2017). For this reason, establishing general jurisdiction is a high bar. "For an individual, the paradigm forum for the

Case No.: 5:21-cv-01868-EJD
ORDER GRANTING IN PART MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER AND TRANSFERRING ACTION

5

exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* (citations omitted). A corporation's place of incorporation and principal place of business are the paradigmatic bases for general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Otherwise, "for general jurisdiction to exist, a defendant must engage in 'continuous and systematic general business contacts.'" *Mavrix Photo. Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223-24 (9th Cir. 2011) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416(1984)).

Here, the Court cannot exercise general jurisdiction over Defendant because Defendant cannot fairly be regarded as "at home" in California. Defendant maintains its company headquarters in Memphis, Tennessee, where its officers direct, control, and coordinate the company's activities. Gruenewald Decl. ¶ 6. Moreover, Defendant does not have any bank branches in California or own any properties in California. *Id*. ¶¶ 8-9. Notably, the address listed as Defendant's entity address on the California Secretary of State website, is the address and location for Defendant's agent for service of process. *Id*. ¶ 11. The California Supreme Court has been clear that the "designation of an agent for service of process and qualification to do business in California" do not require corporations to consent to general jurisdiction and "alone[,] are insufficient to permit general jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court*, 1 Cal. 5th 783, 798, *rev'd on other grounds sub nom. Bristol-Myers Squibb Co., 137 S. Ct. 1773*; *see also AM Trust v. UBS AG*, 681 Fed. Appx. 587, 589 (9th Cir. 2017) (unpublished) ("AM Trust has cited nothing to support its contention that any consent UBS may have given to personal jurisdiction in California in other cases would amount to consent to personal jurisdiction in this case.").

Because Green has not established that Defendant is domiciled in California nor that Defendant's connections are so substantial, continuous, and systematic that it can be deemed to be present in California, the Court finds it lacks general personal jurisdiction over Defendant.

Case No.: 5:21-cv-01868-EJD
ORDER GRANTING IN PART MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER AND TRANSFERRING ACTION

6

### 3. Specific Jurisdiction

Next, Defendant argues the Court lacks specific personal jurisdiction because Green fails to allege facts that tie Defendant's conduct to California or to Green's alleged injury. Mot. at 8-9. Specific personal jurisdiction exists when (1) the non-resident defendant purposefully directs activities to the forum or purposefully avails itself of the privilege of conducting activities in the forum, (2) the claim arises out of or relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law.*" Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). The plaintiff bears the burden of satisfying the first two prongs. *Schwarzenegger*, 374 F.3d at 802.

#### a. Purposeful Availment or Direction

The Court finds that Green has not met her burden with regard to the first prong of the specific jurisdiction test. For this prong, the Ninth Circuit generally looks to a party's "purposeful direction" for actions sounding in tort, and "purposeful availment" for actions sounding in contract. *Id*. at 802–03. Because discrimination claims are more akin to tort claims, courts in the Ninth Circuit have applied the "purposeful direction" test to claims like those Green brings here. *See, e.g., Bradley v. T-Mobile US, Inc.*, No. 17-cv-07232-BLF, 2020 WL 1233924, at *13 (N.D. Cal. Mar. 13, 2020) (citing *Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995) (analyzing Section 1983 claim under purposeful direction test because it "is more akin to a tort claim than a contract claim" and citing with approval an ADEA case applying the tort-case standard).

In evaluating purposeful direction, the Ninth Circuit uses a three-part "effects" test derived from *Calder v. Jones*, 465 U.S. 783 (1984) where, as here, the tortious conduct takes place outside the forum. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). "[T]he 'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at

Case No.: 5:21-cv-01868-EJD
ORDER GRANTING IN PART MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER AND TRANSFERRING ACTION

7

the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (citation omitted).

More recently, the Supreme Court clarified that in assessing personal jurisdiction, a court must "look[ ] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285 (citations omitted). Thus, a "mere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 290. Rather, "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Id.* "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State" and that "relationship must arise out of contacts that the 'defendant himself' creates with the forum State" rather than "persons who reside there." *Id.* at 284–85 (citations omitted). Following *Walden*, the Ninth Circuit confirmed that merely alleging that a defendant engaged in wrongful conduct targeting a plaintiff the defendant knows to be a resident of the forum state, such that harm in the forum state is foreseeable, is insufficient on its own to support the exercise of jurisdiction. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069–70 (9th Cir. 2017).

Here, Green argues that Defendant "availed" itself of the benefits of this forum because it "directed its misconduct toward Green while she lived in California." Opp'n at 7. According to Green, she returned to California in 2017 after Defendant allegedly prevented her from returning to work at Defendant's Kingston Pike West Financial Center in Knoxville, Tennessee. *Id.* Green adds that from 2017 until her firing in December 2018, she spent "the majority of her time in California, where she directed her efforts toward convincing Defendant to allow her to return to work." *Id.* Under *Walden*, however, this is insufficient to demonstrate that Defendant's suit-related conduct creates a substantial connection with California—as opposed to a connection with Green who partly resided here. The suit-related conduct she alleges consists only of discriminating against her from Tennessee while she was living in California. Due process, however, "requires that a defendant be haled into court in a forum State based on his own

Case No.: 5:21-cv-01868-EJD
ORDER GRANTING IN PART MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER AND TRANSFERRING ACTION

8

1  affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts it makes by

2  interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (citation

3  omitted). Accordingly, Green does not show that Defendant purposefully directed its activities

4  towards California.

### b. Arising Out of Forum Related Activities

In determining whether a plaintiff's claim arises out of or relates to the defendant's forum-related activities, "the Ninth Circuit follows the 'but for' test." *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (quotation marks and citation omitted). Under this test, Green must show that she would not have suffered an injury "but for" Defendant's California-related conduct. Green has failed to do so as the facts presented do not demonstrate any direct, causal nexus between Defendant's limited contact with California and her allegations that she was discriminated against while working for a Tennessee entity in Tennessee until she was told she could not return to work. Defendant's allegedly discriminatory conduct is unrelated to its contacts with the forum. For this reason, the Court cannot exercise specific jurisdiction over the Defendant. Because Green has not satisfied the first and the second prongs, the Court need not proceed to the third prong of the specific personal jurisdiction analysis.[4]

### B. Transfer Versus Dismissal

Although the Court cannot exercise personal jurisdiction over Defendant, a transfer to the Western District of Tennessee, rather than dismissal, is appropriate here. If a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631; *see also Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761–62 (9th Cir. 1990) (finding a lack of personal jurisdiction and remanding with

---

[4] To the extent Green was seeking jurisdictional discovery, the request is denied. Green's claim for personal jurisdiction is attenuated and based on bare allegations. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (stating that "'[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the court need not permit even limited discovery'").

Case No.: 5:21-cv-01868-EJD
ORDER GRANTING IN PART MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER AND TRANSFERRING ACTION
9

instruction that district court dismiss or transfer the action pursuant to § 1631). "A case is transferable when three conditions are met: (1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140 (9th Cir. 2008) (citations and internal quotation marks omitted).

Because the Court lacks jurisdiction over Defendant, the analysis turns on whether the Western District of Tennessee was an appropriate forum for the action and if transfer serves the interest of justice. Under the first element, the Western District of Tennessee can exercise jurisdiction over Defendant as it alternatively sought to transfer venue of this action on convenience grounds to the Western District of Tennessee. *See U.S. Merch. Sys., LLC. v. A Furniture Homestore LLC*, No. C 07-0991 CRB, 2007 WL 1302979, at *4 (N.D. Cal. May 3, 2007) (concluding transfer was appropriate where defendants alternatively moved to transfer, which constituted consent to personal jurisdiction in transferee forum). Additionally, Green has not argued that Tennessee would not have had personal jurisdiction over Defendant at the time the action was filed. Thus, the first condition is satisfied.

Furthermore, the Court finds that transfer is in the interest of justice to ensure no potential statute of limitation issues arise. There is also no indication Green filed the action in the forum in bad faith; thus, dismissal of this action which would have been filed elsewhere would only be "time-consuming and justice-defeating." *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss or alternatively to transfer is **GRANTED in part,** and this action is **TRANSFERRED** to the United States District Court for the Western District of Tennessee.

The Clerk of the Court is instructed to transfer this case to the United States District Court

Case No.: 5:21-cv-01868-EJD
ORDER GRANTING IN PART MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER AND TRANSFERRING ACTION
10

for Western District of Tennessee and close the file.

**IT IS SO ORDERED.**

Dated: October 18, 2021

                                                                         EDWARD J. DAVILA
                                                                         United States District Judge